No. 24-1522 and all consolidated cases: Nos. 24-1623, 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1633, and 24-1634

---

UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

---

STATE OF IOWA; STATE OF ARKANSAS; STATE OF IDAHO; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF NORTH DAKOTA; STATE OF SOUTH DAKOTA; STATE OF UTAH; AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,

*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

---

MOTION TO ESTABLISH CONSOLIDATED BRIEFING SCHEDULE ENCOMPASSING ALL MOTIONS FOR A STAY OF THE FINAL RULES

---

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
DANIEL STAROSELSKY
Assistant General Counsels

SAMUEL GOLDSTEIN
Counsel to the General Counsel

JOHN R. RADY
Appellate Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)

Respondents Securities and Exchange Commission (all cases) and Chair Gary Gensler (respondent in No. 24-1633), following consultations with all petitioners, respectfully request that this Court establish a consolidated briefing schedule that would govern all motions for a stay of the rules under review in these consolidated cases, *The Enhancement and Standardization of Climate-Related Disclosures for Investors*, Securities Act Release No. 33-11275 (Mar. 6, 2024), published at 89 Fed. Reg. 21,668 (Mar. 28, 2024) ("Final Rules"). The Commission requests that such an order include both of the motions that have been filed (Doc. 5377132, No. 24-1624; Doc. 5377362, No. 24-1628) and any additional stay motions that may be filed by any of the petitioners in these consolidated cases. Specifically, the Commission requests:

    1.    that the Court direct that motions for a stay of the Final Rules be filed no later than **April 5, 2024**;

    2.    that the Commission's consolidated response to all such motions be due **April 26, 2024**, with the Commission having a briefing limit of 8,000 words;

    3.    that any reply briefs be due no later than **May 10, 2024**.

The Commission further requests that any stay motions filed after April 5, 2024 be held in abeyance pending a ruling on these earlier-filed stay motions, and that the Court provide that these later-filed motions will be considered only after

the Court resolves the earlier-filed motions and only if these additional motions raise issues that have not been resolved by the earlier motions.

Given the broad interest in the Final Rules—these consolidated proceedings represent nine separate petitions for review filed in six different Courts of Appeals—this motion seeks to avoid needlessly duplicative briefing of stay motions through a schedule and process that is efficient for the parties and conserves judicial resources.

Respondents have consulted with all parties about the substance of the briefing format and schedule. Petitioners in *Natural Resources Defense Council, Inc.* (No. 24-1623) and *Sierra Club et al.* (No. 24-1633) consent to this motion. Petitioners in *State of Iowa et al.* (No. 24-1522), *Texas Alliance of Energy Producers et al.* (No. 24-1626), *State of Louisiana et al.* (No. 24-1627), *Ohio Bureau of Workers' Compensation et al.* (No. 24-1631), *Chamber of Commerce of the United States of America et al.* (No. 24-1628), and *State of West Virginia et al.* (No. 24-1634) oppose this motion, propose that any additional motions for a stay be filed by April 3, and propose that the Commission file a response to any motions by April 9. Petitioners in *Liberty Energy, Inc. et al.* (No. 24-1624), oppose this motion and contend that the Court should rule on the existing stay briefing.

## BACKGROUND

Petitioners in these cases challenge Final Rules adopted by the Commission on March 6, 2024, under the Securities Act of 1933 and the Securities Exchange Act of 1934. In general terms, the rules require registration statements and annual reports to disclose certain information about climate-related risks that registrants determine have or will likely have a material impact on their business. *See* 89 Fed. Reg. at 21,673–76 (summary of Final Rules). The Commission adopted "delayed and staggered compliance dates" for the Final Rules that "vary according to the filing status of the registrant." *Id.* at 21,828. In no case, however, will any issuer be required to make any disclosures under the rule until March 2026, and many issuers will not be required to make any disclosures under the Final Rules until 2027 or 2028. *See id.* at 21,828–29.

The Final Rules were adopted by the Commission on March 6, 2024, and made available on its website the same day.[1] After a multicircuit lottery pursuant to 28 U.S.C. § 2112, nine petitions for review of the Final Rules were consolidated in this Court. Doc. 5376308, No. 24-1522.[2] On March 25, this Court issued an

---

[1] https://www.sec.gov/files/rules/final/2024/33-11275.pdf.

[2] The Commission is aware that since these cases were consolidated, another petition challenging the Final Rules has been filed in the Fifth Circuit. *Nat'l Legal & Policy Ctr. et al. v. SEC*, No. 24-60147. As required by Section 2112, the Commission intends to seek a transfer of that case to this Court.

3

order stating that "[n]o further action is required at this time" and that "[f]urther directions will be provided" once all of the petitions were received and docketed in the Eighth Circuit. Doc. 5376313, No. 24-1522.

Since the Court issued this order, two motions seeking a stay of the Final Rules have been filed. On March 26, Liberty Energy, Inc. and Nomad Proppant Services, LLC filed a letter with this Court notifying it of an emergency motion for an administrative stay and stay pending judicial review that they had filed before the Fifth Circuit on March 8 and requesting that the Court grant that motion on the basis of the briefing before the Fifth Circuit. Doc. 5377132, No. 24-1624. Separately, petitioners in *Chamber of Commerce of the United States of America et al. v. SEC*, No. 24-1628, filed an emergency motion for a stay pending review on March 26. Doc. 5377362, No. 24-1628.

As directed by this Court, the Commission filed a response to Liberty Energy and Nomad's request on March 27. Doc. 5377813, No. 24-1624. The Commission opposed this request, and instead asked this Court to order re-briefing on that motion so that it may be considered together with the motion filed in the *Chamber of Commerce* case. *Id.* at 2. The Commission now requests that this Court issue a consolidated briefing schedule allowing for the orderly disposition of those motions, as well as any additional motions for a stay filed by other parties by an established deadline.

4

# ARGUMENT

The Commission brings this motion to avoid extended and disorderly motions practice that would place excessive burdens on both the Commission and the Court and would delay the process of reaching the merits for an ultimate decision. To avoid this result, the Commission requests that the Court establish a deadline for the submission of any stay motions and reasonable dates and page limits for the submission of consolidated responses to the stay motions by the Commission.

Specifically, the Commission requests the Court establish a deadline of **April 5, 2024**, to file any motion to stay the Final Rules by any party in these consolidated cases. That deadline is reasonable because the Final Rules have been publicly available since they were adopted on March 6, 2024. Nine petitions of review were filed within 10 days of the Commission issuing the Final Rules, and two groups of petitioners have already filed motions to stay those rules.

The Commission further requests that it be allowed to file a single, consolidated response to all stay motions by **April 26, 2024**, or three weeks after the requested deadline for stay motions. The Commission believes the requested response period is reasonable in light of the volume of stay briefing and the range of issues that must be addressed. The Commission further requests that the word limit for its consolidated opposition be expanded to 8,000 words to allow it to

adequately respond to the existing motions and any additional motions that are filed.

The Commission requests that replies be filed no later than **May 10, 2024**, or two weeks after the Commission's opposition is filed.

The petitioners will not be prejudiced by this proposed briefing schedule. Although petitioners in *Chamber of Commerce* requested a decision on their motion for a stay by April 12, 2024, Doc. 5377362, at 1, No. 24-1628, they offer no justification for a decision by that specific date. The Commission's proposed briefing schedule anticipates the conclusion of briefing of stay motions just over two months after the Commission adopted the Final Rules, weeks before the Final Rules are even effective, *see* 89 Fed. Reg. at 21,668 (effective date is May 28, 2024), and years before the Final Rules require any registrants to make any disclosures under those rules. As stated above, the earliest any registrants will have to make any disclosures under the Final Rules is March 2026, and many of the disclosures required by the rules are not required until years later. *See* 89 Fed. Reg. at 21,828–29. Nor will any actions necessary to achieving compliance in March 2026 be unreasonably delayed by the brief additional period proposed here for resolution of any stay motions.

For any motion for a stay filed after April 5, 2024, the Commission requests that the Court hold any such motion in abeyance pending its decision on the

earlier-filed stay motions. Holding these motions in abeyance accounts for the likelihood that any later-filed stay motions will raise issues that overlap with issues raised in the earlier-filed motions and would be resolved by the Court's decision on these motions. To the extent the Court believes it is appropriate to consider stay motions after any decision on the earlier-filed motions, the Commission suggests that the Court require any later-moving parties to identify any new issues raised in their motions that were not raised in the initial round of stay motions. The Commission further requests that this Court establish a consolidated briefing format and schedule that is limited to those new issues.

## CONCLUSION

A reasonable and orderly process and schedule to submit and brief motions for a stay is necessary to avoid chaotic and duplicative briefing, conserve the parties' and this Court's resources, and efficiently move the case to resolution on the merits. Accordingly, the Commission respectfully requests that this Court establish the requested format and schedule for briefing stay motions.

Respectfully submitted,

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
DANIEL STAROSELSKY
Assistant General Counsels

SAMUEL GOLDSTEIN
Counsel to the General Counsel

/s/ John R. Rady
JOHN R. RADY
Appellate Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)

March 29, 2024

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,577 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

I also certify that this motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface—Times New Roman, 14 point—using Microsoft Word.

/s/ John R. Rady
John R. Rady

March 29, 2024