No. 24-1522, c/w 24-1624

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

**LIBERTY ENERGY INC. and NOMAD PROPPANT SERVICES LLC,**

*Petitioners*,

v.

**SECURITIES AND EXCHANGE COMMISSION and UNITED STATES OF AMERICA**

*Respondents*.

_____

On Petition for Review of an Order and Rule of the
Securities and Exchange Commission

_____

**OPPOSITION TO MOTION TO ESTABLISH CONSOLIDATED BRIEFING SCHEDULE ENCOMPASSING ALL MOTIONS FOR A STAY OF THE FINAL RULES**

_____

Katherine C. Yarger
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd # 407
Denver, CO 80206

R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
Caleb Orr
BOYDEN GRAY PLLC
801 17th Street Nw., Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

# CORPORATE DISCLOSURE STATEMENT

Pursuant to the Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1A, Petitioner Liberty Energy Inc. states that it does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock. Petitioner Nomad Proppant Services LLC states that Liberty Energy Inc. owns 10 percent or more of its stock.

# OPPOSITION

The Securities and Exchange Commission asks the Court to delay ruling for another two months on the emergency motion filed by Petitioners Liberty Energy Inc. and Nomad Proppant Services LLC (together, "Liberty Energy") for a stay of the SEC's unprecedented climate rule ("Rule"). The Court should deny that request, or at least issue a stay of the Rule pending resolution of forthcoming stay motions by other parties.

*First*, the Court already has before it a fully-briefed emergency motion. Liberty Energy filed its emergency motion to stay the Rule in the Fifth Circuit on March 8, the SEC filed its opposition on March 13, and Liberty Energy filed its reply later that same day. The Fifth Circuit issued an administrative stay of the Rule but lifted it upon transferring those proceedings to this Court. *See* Liberty Energy's Notice of Pending Emergency Motion for Administrative Stay and Stay Pending Judicial Review (8th Cir. Mar. 26, 2024) (attaching the full stay briefing).

There is no reason to delay adjudicating that motion, especially given that the SEC has not disputed that the relevant case law is the same in both the Fifth and Eighth Circuits. *See* Liberty Energy's Reply

1

Notice (8th Cir. Mar. 27, 2024). Liberty Energy's motion has been pending for three weeks already; there is no need to wait another eight weeks for a ruling, as the SEC proposes.

*Second*, further delay is especially inappropriate because Liberty Energy faces imminent harms from the Rule, as explained in the detailed declarations filed in support of Liberty Energy's emergency motion at the Fifth Circuit. *See, e.g.*, Michael Stock Declaration (attached as Ex. D to Liberty Energy's emergency motion). Indeed, the SEC acknowledges in the Rule itself that there will be "immediate costs of compliance" for large-accelerated filers like Liberty Energy. Rule at 692 (attached as Ex. A to Liberty Energy's emergency motion).

The SEC's motion claims the "effective date" of the Rule is May 28, 2024, and the SEC ties its proposed briefing schedule to that date. But the effective date of the Rule is completely irrelevant. *Not a single deadline in the Rule is directly pegged to that date.* It reflects nothing more than a ministerial calculation of 60 days after the Rule was formally reprinted in the Federal Register.

Rather, as explained, registrants like Liberty Energy must *immediately* undertake the process of creating compliance programs for

the extraordinarily detailed and novel disclosures the Rule mandates. *See* Liberty Energy's Reply Motion at 3–6 (listing the ways the Rule is unprecedented and treats climate matters differently than any other matters in SEC filings).

In any event, the parties' disagreement on imminent harm is a reason for the Court to move forward with the existing briefing and resolve Liberty Energy's pending emergency motion promptly, rather than delay adjudication for another eight weeks, as the SEC proposes.

*Third*, if the Court is inclined to grant some version of the SEC's briefing schedule, the Court should at least administratively stay the Rule pending resolution of other parties' emergency motions. The SEC has not identified any harm it or the public would face from staying the Rule now.

Undersigned counsel proposed that resolution to the SEC's counsel, who did not even respond, despite the lack of harm to the SEC and the public from an administrative stay. If the SEC wants the benefits of a lengthy briefing schedule while claiming there are no imminent harms,

the SEC should be more than willing to accept a stay of the Rule in the meantime.[1]

## CONCLUSION

The Court should deny the SEC's motion and grant Liberty Energy's pending emergency motion for an administrative stay and a stay pending judicial review.

March 29, 2024

Katherine C. Yarger
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd # 407
Denver, CO 80206

Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
Caleb Orr
BOYDEN GRAY PLLC
801 17th Street Nw., Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

---

[1] If the Court is concerned about the effect a stay would have on other cases, the Court could limit its stay to the Petitioners in this case (No. 24-1624)—Liberty Energy Inc. and Nomad Proppant Services LLC.

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 643 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

3. The brief and addendum have been scanned for viruses and are virus-free.

/s/ R. Trent McCotter<br>
R. Trent McCotter

# CERTIFICATE OF SERVICE

I certify that on March 29, 2024, the foregoing document was electronically filed with the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will serve all counsel.

/s/ R. Trent McCotter  
R. Trent McCotter