SECURITIES AND EXCHANGE COMMISSION
Washington, D.C.

SECURITIES ACT OF 1933
Release No. 11280 / April 4, 2024

SECURITIES EXCHANGE ACT OF 1934
Release No. 99908 / April 4, 2024

File No. S7-10-22

|  |  |
|---|---|
| In the Matter of the Enhancement and Standardization of Climate-Related Disclosures for Investors | ORDER ISSUING STAY |

       On March 6, 2024, the Commission promulgated amendments to its rules that will require registrants to provide certain climate-related information in their registration statements and annual reports ("Final Rules").[1] Between March 6 and March 14, 2024, petitions seeking review of the Final Rules were filed in multiple courts of appeals.[2]

       On March 8, 2024, petitioners Liberty Energy Inc. and Nomad Proppant Services LLC filed a motion in the Fifth Circuit seeking an administrative stay and a stay pending judicial review of the Final Rules. On March 15, 2024, the Fifth Circuit issued an administrative stay.

       On March 19, 2024, the Commission filed a Notice of Multicircuit Petitions for Review with the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 2112(a)(3). On March 21, 2024, the Judicial Panel on Multidistrict Litigation issued an

---

[1] *The Enhancement and Standardization of Climate-Related Disclosures for Investors*, Rel. Nos. 33-11275, 34-99678 (Mar. 6, 2024), 89 Fed. Reg. 21,668 (Mar. 28, 2024).

[2] *Nat. Res. Def. Council, Inc. v. SEC*, No. 24-707 (2d Cir. filed Mar. 12, 2024); *Liberty Energy Inc. v. SEC*, No. 24-60109 (5th Cir. filed Mar. 6, 2024); *Louisiana v. SEC*, No. 24-60109 (5th Cir. filed Mar. 7, 2024); *Tex. All. of Energy Producers v. SEC*, No. 24-60109 (5th Cir. filed Mar. 11, 2024); *Chamber of Commerce of U.S. of Am. v. SEC*, No. 24-60109 (5th Cir. filed Mar. 14, 2024); *Ohio Bureau of Workers' Comp. v. SEC*, No. 24-3220 (6th Cir. filed Mar. 13, 2024); *Iowa v. SEC*, No. 24-1522 (8th Cir. filed Mar. 12, 2024); *West Virginia v. SEC*, No. 24-10679 (11th Cir. filed Mar. 6, 2024); *Sierra Club v. SEC*, No. 24-1067 (D.C. Cir. filed Mar. 13, 2024).

order consolidating the petitions for review in the U.S. Court of Appeals for the Eighth Circuit.[3] On March 22, 2024, the Fifth Circuit dissolved its administrative stay.[4]

On March 26, 2024, Liberty Energy Inc. and Nomad Proppant Services LLC filed a letter in the Eighth Circuit noting the pendency of their motion for an administrative stay and a stay pending judicial review. Also on March 26, 2024, the Chamber of Commerce of the United States of America, the Texas Association of Business, and the Longview Chamber of Commerce filed a motion in the Eighth Circuit seeking a stay pending judicial review. On March 29, 2024, recognizing the efficiencies for the parties and the Court, the Commission filed a motion to establish a consolidated briefing schedule encompassing all motions seeking a stay of the Final Rules pending judicial review.[5] On April 1, thirty-one petitioners opposed the Commission's motion to establish a consolidated briefing schedule and urged the Court to instead expedite briefing on the "already-filed and imminently forthcoming emergency stay motions."[6]

Pursuant to Exchange Act Section 25(c)(2) and Section 705 of the Administrative Procedure Act, the Commission has discretion to stay its rules pending judicial review if it finds that "justice so requires."[7] The Commission has determined to exercise its discretion to stay the Final Rules pending the completion of judicial review of the consolidated Eighth Circuit petitions.

In issuing a stay, the Commission is not departing from its view that the Final Rules are consistent with applicable law and within the Commission's long-standing authority to require the disclosure of information important to investors in making investment and voting decisions. Thus, the Commission will continue vigorously defending the Final Rules' validity in court and looks forward to expeditious resolution of the litigation. But the Commission finds that, under the particular circumstances presented, a stay of the Final Rules meets the statutory standard. Among other things, given the procedural complexities accompanying the consolidation and litigation of the

---

[3] On March 21, 2024, an additional petition for review was filed in the Fifth Circuit. *Nat'l Legal & Pol'y Ctr. v. SEC*, No. 24-60147 (5th Cir. filed Mar. 21, 2024). That petition was transferred to and consolidated in the Eighth Circuit on April 1, 2024. *Nat'l Legal & Pol'y Ctr. v. SEC*, No. 24-1685 (8th Cir. docketed Apr. 1, 2024).

[4] ECF No. 87, *Liberty Energy Inc. v. SEC*, No. 24-60109 (5th Cir. Mar. 22, 2024).

[5] On March 28, 2024, Liberty Energy Inc. and Nomad Proppant Services LLC also filed a complaint challenging the Final Rules in the Northern District of Texas. *Liberty Energy Inc. v. SEC*, No. 3:24-cv-00739-G (N.D. Tex. filed Mar. 28, 2024).

[6] ECF No. 5379427, at 3, *Iowa v. SEC*, No. 24-1522 (8th Cir. filed Apr. 1, 2024).

[7] 15 U.S.C. § 78y(c)(2) ("Until the court's jurisdiction becomes exclusive, the Commission may stay its order or rule pending judicial review if it finds that justice so requires."); 5 U.S.C. § 705.

large number of petitions for review of the Final Rules, a Commission stay will facilitate the orderly judicial resolution of those challenges and allow the court of appeals to focus on deciding the merits. Further, a stay avoids potential regulatory uncertainty if registrants were to become subject to the Final Rules' requirements during the pendency of the challenges to their validity. The Commission has previously stayed its rules pending judicial review in similar circumstances. *See Rule 610T of Regulation NMS*, Rel. No. 34-85447 (Mar. 28, 2019); *Facilitating Shareholder Director Nominations*, Rel. Nos. 33-9149, 34-63031, IC-29456 (Oct. 4, 2010).

Accordingly, it is ORDERED, pursuant to Exchange Act Section 25(c)(2) and Administrative Procedure Act Section 705, that the Final Rules are stayed pending the completion of judicial review of the consolidated Eighth Circuit petitions.[8]

By the Commission.

Vanessa A. Countryman,
Secretary

---

[8] The stay issued by this Order is limited to the Final Rules that have been challenged in the consolidated Eighth Circuit petitions. It does not stay any other Commission rules or guidance. *See, e.g., Commission Guidance Regarding Disclosure Related to Climate Change*, Rel. Nos. 33-9106; 34-61469 (Feb. 2, 2010), 75 Fed. Reg. 6290 (Feb. 8, 2010).