**No. 24-1624 and all consolidated cases: Nos. 24-1522, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, 24-1685, and 24-2173**

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**LIBERTY ENERGY, INC.; NOMAD PROPPANT SERVICES, LLC,**
*Petitioners,*

v.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
*Respondent.*

**DISTRICT OF COLUMBIA, *et al.*,**
*Intervenors.*

Petition for Review of an Order of the
Securities & Exchange Commission

## MOTION TO EXPAND ORAL ARGUMENT TIME AND ALLOCATE 15 MINUTES TO LIBERTY ENERGY

The Court recently screened this consolidated set of cases for oral argument. Petitioners Liberty Energy, Inc. and Nomad Proppant Services, LLC (together, "Liberty") respectfully request that the Court expand oral argument time to 45 minutes per side for the consolidated cases challenging the Securities and Exchange Commission's climate rule and allocate 15 minutes of oral argument time to counsel for Liberty.

Liberty is the only listed issuer directly regulated by the SEC's rule to sue to challenge the rule. Moreover, as a publicly traded energy company, Liberty suffers additional and distinct harms from the SEC's

rule, which targets fossil fuel companies, and the Court should hear about those important harms. Accordingly, Liberty seeks to have the opportunity to speak to the issues before this Court.

**1. Liberty is the only directly regulated party to sue the SEC over the climate rule**. Liberty filed a Petition in its own name, expending its own resources, because it believes strongly in challenging the rule and highlighting the direct and negative effects it will suffer from the rule. Moreover, because the rule compels climate-related disclosures specifically, it places a spotlight on energy companies, targeting them for disfavored treatment in capital markets. This Court should hear from Liberty so it may speak to these additional and unique harms.

**2. Liberty has spoken publicly about the impact of the SEC climate rule**. When Congress held hearings on the SEC's rule, it was Liberty's founder and CEO Chris Wright who was asked to testify. He appeared before the House Financial Services Committee and provided compelling evidence and testimony about the climate rule's detrimental effects on energy companies. *See* Testimony of Chris Wright, *Beyond Scope: How the SEC's Climate Rule Threatens American Markets*, Hearing Before the House Committee on Financial Services (Apr. 10,

2

2024), https://docs.house.gov/meetings/BA/BA00/20240410/117092/HHRG-118-BA00-Wstate-WrightC-20240410.pdf.

**3. Liberty already obtained a stay, and Liberty's arguments continue to play a key role in this case.** Liberty is the only party that has already obtained relief against the SEC's climate rule. *See Liberty Energy, Inc. v. SEC*, 2024 WL 1152283, at *1 (5th Cir. Mar. 15, 2024) (granting Liberty's motion for an administrative stay). And Liberty's arguments continue to play a key role. In its Response Brief, the SEC focused its arguments almost exclusively on briefs filed by Liberty, the Chamber of Commerce of the United States, and the States. Indeed, the SEC's consolidated merits brief responded to (and cited by name) Liberty's arguments over two dozen times. Liberty believes that the Chamber and the States also should be allocated argument time. But the Court would benefit from hearing Liberty Energy's distinct perspective during oral argument.

**4. Additional argument time is warranted.** The Court's rules expressly contemplate cases where "more" than 30 minutes per side is warranted for oral argument. L.R. 34A(b). Expanding argument to 45 minutes per side is appropriate given the significance of the SEC's rule,

3

which stretches for hundreds of pages and imposes billions of dollars in costs.

The volume of briefing and appendices (which alone stretch over 2,000 pages) filed in this Court further confirms that additional time is appropriate here. Indeed, there are so many major arguments that an entire normal-length argument session could be spent on *each* of the primary issues raised in this case—i.e., the major-questions doctrine, statutory authority, Administrative Procedure Act, and First Amendment.

There is also precedent for expanding to 45 minutes per side. The Court has awarded the equivalent of as much as *60 minutes per side* in prior cases traveling together where there were a host of important issues. For example, in 2019, the Court gave 30 minutes per side to *each* of two criminal defendants who had been tried together at the district court, as well as 60 minutes for the government across the two cases. *See United States v. Coonce*, No. 14-2800; *United States v. Hall*, No. 14-2742. The Court likewise effectively granted the equivalent of 60 minutes per side in a set of civil cases that were traveling together, raised similar

arguments, and had been resolved by the same district judge. *See Zink v. Lombardi*, No. 14-2220; *Bucklew v. Lombardi*, No. 14-2163.

\* \* \*

Liberty believes the Court should hear from several groups of challengers. Among them should be Liberty—the only directly-regulated company to have challenged the rule in its own name. Liberty therefore respectfully requests that the Court expand oral argument time to 45 minutes and allocate 15 minutes to Liberty.

The States take no position on the motion.

The Chamber of Commerce does not oppose expanding argument time to 45 minutes but does "oppose the request for the Court to divide argument 3 ways as [Liberty] proposes."

September 23, 2024                    Respectfully submitted,

/s/ R. Trent McCotter

| | |
|---|---|
| Katherine C. Yarger | R. Trent McCotter |
| LEHOTSKY KELLER COHN LLP | *Counsel of Record* |
| 700 Colorado Blvd # 407 | Jonathan Berry |
| Denver, CO 80206 | Michael Buschbacher |
| | Jared M. Kelson |
| | BOYDEN GRAY PLLC |
| | 800 Connecticut Ave. NW |
| | Suite 900 |
| | Washington, DC 20006 |
| | 202-706-5488 |
| | tmccotter@boydengray.com |

*Counsel for Petitioners Liberty Energy Inc. and Nomad Proppant Services LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve all parties automatically.

/s/ R. Trent McCotter<br>
R. Trent McCotter

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 780 words, excluding the portions exempted. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

I further certify that this PDF has been scanned for viruses and no viruses were detected.

/s/ R. Trent McCotter<br>
R. Trent McCotter