No. 24-1522 and all consolidated cases: Nos. 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, and 24-1634

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

STATE OF IOWA, *et al.*,
PETITIONERS,

v.

SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT,
DISTRICT OF COLUMBIA, *et al.*,
INTERVENORS.

ON PETITION FOR REVIEW OF AN ORDER AND RULE OF THE
SECURITIES AND EXCHANGE COMMISSION

**INTERVENOR STATES' MOTION TO HOLD CASES IN ABEYANCE**

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

GLENN KAPLAN
Assistant Attorney General & Chief
ANDREW LABADINI
DANIELLE KLEE
ANNIE KILLELEA
Assistant Attorneys General
Insurance and Financial Services Division

JULIA JONAS-DAY
MICHELE HUNTON
Assistant Attorneys General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, Boston, MA 02108
(617) 963-2453
glenn.kaplan@mass.gov
julia.jonas-day@mass.gov

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CAROLINE S. VAN ZILE
Solicitor General

ASHWIN P. PHATAK
Principal Deputy Solicitor General

BRYAN J. LEITCH
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

*Additional counsel listed in signature block*

Intervenor States[1] respectfully move the Court to hold these consolidated petitions for review in abeyance. In the Securities and Exchange Commission's ("SEC") recent status report, the agency appears to have changed its position on the challenged regulations. *See* SEC Letter, Doc. 5500618, No. 24-1522 (Mar. 27, 2025) ("SEC March Letter"). Yet SEC's letter does not indicate whether it plans to amend or rescind these regulations through the requisite notice-and-comment rulemaking process. *See* 5 U.S.C. §§ 551(5), 553(b)-(c). Given this uncertainty, granting an abeyance will maintain the status quo and preserve judicial resources while SEC evaluates its course of action so that this Court does not devote the time and energy to hearing oral argument and writing a potentially unnecessary opinion on the legality of securities regulations that SEC may soon amend or rescind.

Intervenor States contacted counsel for petitioners and SEC to obtain consent. Petitioners in Nos. 24-1522, 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, and 24-2173 oppose this motion. Petitioners in No. 24-1685 did not respond. SEC's counsel stated that "[t]he position of the Commission in the pending proceedings is stated in the March 27, 2025 letter to the Clerk of the Court."

---

[1] Massachusetts, the District of Columbia, Arizona, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maryland, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington, and Wisconsin.

BACKGROUND

This matter involves nine consolidated petitions raising a variety of statutory and constitutional challenges to "The Enhancement and Standardization of Climate-Related Disclosures for Investors," Release Nos. 33-11275 & 34-99678 (Mar. 6, 2024), 89 Fed. Reg. 21,668 (Mar. 28, 2024) ("The Rules").[2] The Rules were approved by SEC Chairman Gensler and Commissioners Crenshaw and Lizárraga following a multi-year public notice-and-comment process that involved the consideration and analysis of thousands of comment letters. Commissioners Pierce and Uyeda dissented. Joint Appendix 695-714.

SEC unilaterally stayed the Rules for the pendency of this litigation under Section 25(c)(2) of the Exchange Act, 15 U.S.C. § 78y(c)(2), and Section 705 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 705. *See* "The Enhancement and Standardization of Climate-Related Disclosures for Investors; Delay of Effective Date," Release Nos. 33-11280; 34-99908 (April 4, 2024), 89 Fed. Reg. 25,804 (April

---

[2] State Petitioners (Nos. 24-1522, 24-1627, 24-1631, 24-1634); Liberty Energy and Nomad Proppant Services (No. 24-1624); Texas Alliance of Energy Producers and Domestic Energy Producers Alliance (No. 24-1626); Chamber of Commerce and National Center for Public Policy Research (Nos. 24-1628, 24-2173); National Legal & Policy Center and Oil & Gas Workers Association (No. 24-1685). This Court's April 2024 order granting the Intervenor States' motion to intervene listed each of the consolidated cases except Nos. 24-1685 and 24-2173. *See* Order, Doc. 5387919 (8th Cir. Apr. 29, 2024). The Intervenor States have subsequently asked this Court to amend its April 2024 intervention order to clarify that the States are Intervenor-Respondents in all of the consolidated cases. *See* Motion, Doc. 5502796, Nos. 24-1685 & 24-2173 (April 2, 2025).

12, 2024). In doing so, SEC made clear that it was "not departing from its view that the Final Rules are consistent with applicable law and within the Commission's long-standing authority to require the disclosure of information important to investors in making investment and voting decisions." *Id.* at 25,805. It was instead exercising its discretion to stay the Rules for the benefit of all parties. *Id.* SEC subsequently filed a 115-page brief defending the Rules and requesting 30 minutes of oral argument time. SEC Brief at i, Doc. 5421154, No. 24-1522 (Aug. 6, 2024).

In January 2025, Chairman Gensler and Commissioner Lizárraga resigned, leaving SEC with only three members: Commissioner Crenshaw, Commissioner Pierce, and now-Acting Chairman Uyeda. A few weeks later, SEC filed a letter asking this Court not to schedule oral argument until SEC could reevaluate its litigation position given the "'recent change in the composition of the Commission'" and "the fact that the majority of the current Commissioners 'voted against' the rule at issue." SEC Letter, at 1, Doc. 5484463 (Feb. 11, 2025) ("SEC February Letter") (quoting SEC, Statement of Mark T. Uyeda, *Acting Chairman Statement on Climate-Related Disclosure Rules* (Feb. 11, 2025), attached to the letter).

On March 27, SEC filed a status report. Noting again that "a majority of the current Commissioners voted against the rules," SEC informed the Court that "it wishes to withdraw its defense of the Rules" and that "Commission counsel is no longer authorized to advance the arguments presented in the Commission's response

3

brief." SEC March Letter at 1-2. But rather than ask the Court to hold the cases in abeyance while SEC evaluates its course of action with respect to the Rules, SEC's letter simply noted that it "yields any oral argument time back to the Court or to other parties as the Court determines." *Id.* at 2. At the same time, however, SEC suggested that this Court should avoid deciding "the petitioners' challenges based on the First Amendment or non-delegation doctrine." *Id.* at 1.

## ARGUMENT

SEC's apparent change in position on the Rules provides good cause to hold this matter in abeyance. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And here, an abeyance would comport with the customary approach to preserving judicial resources given the government's apparent change in position: "When an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C. Cir. 1993) (quoting *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962)). Indeed, federal agencies routinely request, and routinely receive, abeyances to accommodate changes in policy due to a change in administration, even after cases have been fully briefed

and argued. *See, e.g.*, *West Virginia v. EPA*, No. 24-1120, Doc. 2101484 (D.C. Cir. Feb. 19, 2025) (granting EPA's post-argument abeyance motion).[3]

Granting this relief will preserve judicial resources by allowing this Court to avoid unnecessarily holding argument and issuing a decision on the statutory and constitutional issues raised in these petitions now that SEC may no longer support the challenged regulations. *See* SEC March Letter at 1-2. In particular, it is not a worthwhile use of this Court's and the parties' time and resources to adjudicate these cases when the agency that promulgated the regulations has indicated that it is likely to amend or rescind them if upheld. *See id.*; *see also* SEC, Statement of Mark T. Uyeda, *Acting Chairman Statement on Climate-Related Disclosure Rules* (Feb. 11, 2025) (attached to SEC February Letter).

Indeed, if SEC aims to rescind or amend the Rules it previously defended as "consistent with applicable law and within the Commission's long-standing authority," 89 Fed. Reg. at 25,805, it may do so via notice-and-comment rulemaking, as the APA requires, *see* 5 U.S.C. §§ 551(5), 553(b)-(c). But it may not achieve that end by cryptically "withdraw[ing] its defense" in this litigation now that "a majority

---

[3]  *See, e.g.*, *Biden v. Sierra Club*, 141 S. Ct. 1289 (2021) ("Motion to hold further briefing in abeyance and to remove the case from the February 2021 argument calendar granted."); *Mayorkas v. Innovation L. Lab*, 141 S. Ct. 1289 (2021) (same); *see also Kentucky v. EPA*, No. 24-1050, Doc. 2102525 (D.C. Cir. Feb. 25, 2025) (granting EPA's post-argument abeyance motion); *Save Jobs USA v. DHS*, No. 16-5287, Doc. 1660720 (D.C. Cir. Feb. 10, 2017) (ordering case held in abeyance).

of the current Commissioners voted against the rules," SEC March Letter at 1.[4]  *Cf. SKF USA Inc. v. United States*, 254 F.3d 1022, 1027–28 (Fed. Cir. 2001) (describing five pathways for an agency when facing challenge to its regulations). At minimum, given SEC's apparent change in position on the Rules, an abeyance is warranted at least until such time as SEC clarifies its intent with respect to the Rules at issue here.

An abeyance would not prejudice any party. Because SEC has stayed its Rules during this litigation, petitioners are not required to take, or refrain from taking, any action while this case remains pending. *See* 89 Fed. Reg. at 25,804 (ordering the Rules' "effective date" to be "delayed indefinitely"). Holding this matter in abeyance will accordingly maintain the status quo without prejudicing any of the petitioners in these consolidated cases. *See CTIA-The Wireless Ass'n v. FCC*, 530 F.3d 984, 988-89 (D.C. Cir. 2008) ("Because petitioners are not required to do anything to comply with the backup power rule while this case is held in abeyance, the delay they cite does not overcome the judiciary's 'theoretical role as the governmental branch of last resort.'" (quoting *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996))).

---

[4] While purporting to withdraw from the litigation, the SEC seems to suggest that this Court should reach the merits and even attempts to guide this Court's analysis. *See* SEC March Letter at 1.

Good cause exists, therefore, for the Court to hold this matter in abeyance until SEC determines what action it intends to take regarding the Rules.  In addition, the Court should direct SEC to file status reports every 90 days to apprise the Court and the parties of the status of its decisionmaking process, as courts have done in similar circumstances.  *See, e.g.*, *Competitive Enter. Inst. v. NHTSA*, No. 20-1145, Doc. 1892931 (D.C. Cir. Apr. 1, 2021) (granting government's motion to hold cases in abeyance and directing it to file status reports every 90 days).

## CONCLUSION

This Court should grant the motion to hold this matter in abeyance.

Respectfully submitted,

| | |
|---|---|
| ANDREA JOY CAMPBELL<br>Attorney General for Massachusetts | BRIAN L. SCHWALB<br>Attorney General for the District of Columbia |
| /s/ Glenn Kaplan<br>GLENN KAPLAN<br>Assistant Attorney General & Chief<br>ANDREW LABADINI<br>DANIELLE KLEE<br>ANNIE KILLELEA<br>Assistant Attorneys General<br>Insurance and Financial Services Division<br><br>JULIA JONAS-DAY<br>MICHELE HUNTON<br>Assistant Attorneys General<br>Energy and Environment Bureau<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2453<br>glenn.kaplan@mass.gov<br>julia.jonas-day@mass.gov | CAROLINE S. VAN ZILE<br>Solicitor General<br><br>/s/ Ashwin P. Phatak<br>ASHWIN P. PHATAK<br>Principal Deputy Solicitor General<br><br>BRYAN J. LEITCH<br>Assistant Attorney General<br><br>Office of the Solicitor General<br>Office of the Attorney General<br>400 6th Street, NW, Suite 8100<br>Washington, D.C. 20001<br>(202) 805-7426<br>ashwin.phatak@dc.gov |

April 2025

| FOR THE STATE OF ARIZONA | FOR THE STATE OF COLORADO |
|---|---|
| KRISTIN K. MAYES<br>Attorney General for Arizona | PHILIP J. WEISER<br>Attorney General for Colorado |
| /s/ Kristin K. Mayes<br>Office of the Attorney General<br>2005 N. Central Avenue<br>Phoenix, AZ 85004-1592<br>(602) 542-7922<br>AGinfo@azag.gov | SHANNON WELLS STEVENSON<br>Solicitor General<br><br>ERNEST LEE REICHERT III<br>Deputy Attorney General<br>Revenue and Regulatory Section<br><br>SHALYN KETTERING<br>Counsel to the Attorney General<br><br>/s/ Shalyn Kettering<br>Shalyn Kettering<br>Counsel to the Attorney General<br><br>Colorado Department of Law<br>Office of the Attorney General<br>1300 Broadway<br>Denver, CO 80203<br>(720) 508-6000 |
| FOR THE STATE OF CONNECTICUT | FOR THE STATE OF DELAWARE |
| WILLIAM TONG<br>Attorney General for Connecticut | KATHLEEN JENNINGS<br>Attorney General for Delaware |
| /s/ Kaelah M. Smith<br>KAELAH M. SMITH<br>Assistant Attorney General<br><br>Connecticut Attorney General's Office<br>165 Capitol Avenue<br>Hartford, CT 06106<br>(860) 808-5250 | CHRISTIAN DOUGLAS WRIGHT<br>Director of Impact Litigation<br><br>JILLIAN A. LAZAR<br>Director of Investor Protection<br><br>RALPH K. DURSTEIN III<br>Deputy Attorney General<br><br>/s/ Vanessa L. Kassab |

| | |
|---|---|
| kaelah.smith@ct.gov | VANESSA L. KASSAB<br>Deputy Attorney General<br><br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov |
| FOR THE STATE OF HAWAII | FOR THE STATE OF ILLINOIS |
| ANNE E. LOPEZ<br>Attorney General of the State for Hawaiʻi<br><br>KALIKOʻONĀLANI D. FERNANDES<br>Solicitor General<br><br>/s/ Ewan C. Rayner<br>EWAN C. RAYNER<br>Deputy Solicitor General<br><br>Department of the Attorney General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>ewan.rayner@hawaii.gov | KWAME RAOUL<br>Attorney General for Illinois<br><br>MATTHEW J. DUNN<br>Chief, Environmental Enforcement/ Asbestos Litigation Division<br><br>/s/ Jason E. James<br>JASON E. JAMES<br>Assistant Attorney General<br><br>Office of the Attorney General<br>201 W. Pointe Drive, Suite 7<br>Belleville, IL 62226<br>(217) 843-0322<br>jason.james@ilag.gov |
| FOR THE STATE OF MARYLAND | FOR THE STATE OF MICHIGAN |
| ANTHONY G. BROWN<br>Attorney General for Maryland<br><br>/s/ Steven J. Goldstein<br>STEVEN J. GOLDSTEIN<br>Special Assistant Attorney General<br><br>Office of the Attorney General of Maryland | DANA NESSEL<br>Attorney General for Michigan<br><br>/s/ Michael E. Moody<br>MICHAEL E. MOODY<br>Assistant Attorney General<br><br>Special Litigation Division<br>525 W. Ottawa Street |

10

200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

P.O. Box 30755
Lansing, MI 48909
(517) 335-7627
moodym2@michigan.gov

FOR THE STATE OF MINNESOTA

KEITH ELLISON
Attorney General for Minnesota

/s/ Peter N. Surdo
PETER N. SURDO
Special Assistant Attorney General

Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
(651) 757-1061
Peter.surdo@ag.state.mn.us

FOR THE STATE OF NEW MEXICO

RAÚL TORREZ
Attorney General for New Mexico

WILLIAM GRANTHAM
Assistant Attorney General
Director, Environment Protection Division

/s/ Aletheia V.P. Allen
ALETHIA V.P. ALLEN
Solicitor General

New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 527-2776
Aallen.@nmdoj.gov

FOR THE STATE OF NEVADA

AARON D. FORD
Attorney General for Nevada

/s/ Heidi Parry Stern
HEIDI PARRY STERN
Solicitor General

Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General for New York

BARBARA D. UNDERWOOD
Solicitor General

ELIZABETH A. BRODY
Assistant Solicitor General

STEPHANIE L. TORRE
Assistant Attorney General
Executive Division

/s/ Jonathan Bashi
JONATHAN BASHI
Assistant Attorney General

Investor Protection Bureau

28 Liberty Street
New York, NY 10005
(212) 416-8564
Jonathan.Bashi@ag.ny.gov

| FOR THE STATE OF OREGON | FOR THE STATE OF RHODE ISLAND |
|---|---|
| DAN RAYFIELD<br>Attorney General for Oregon | PETER F. NERONHA<br>Attorney General for Rhode Island |
| /s/ Paul Garrahan<br>PAUL GARRAHAN<br>Attorney-in-Charge<br>Natural Resources Section | SARAH W. RICE<br>Deputy Chief, Public Protection Bureau<br><br>/s/ Alison Carney<br>ALISON CARNEY<br>Assistant Attorney General |
| Oregon Department of Justice<br>1162 Court Street NE<br>Salem, Oregon 97301-4096<br>(503) 947-4540<br>Paul.Garrahan@doj.state.or.us | Office of the Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 |
| FOR THE STATE OF VERMONT | FOR THE STATE OF WASHINGTON |
| CHARITY R. CLARK<br>Attorney General for Vermont | NICHOLAS W. BROWN<br>Attorney General for Washington |
| /s/ Hannah Yindra<br>HANNAH YINDRA<br>Assistant Attorney General | SARAH REYNEVELD<br>Section Chief<br>Environmental Protection Division |
| Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186<br>Hannah.Yindra@vermont.gov | /s/ Yuriy Korol<br>YURIY KOROL<br>Assistant Attorney General<br>Environmental Protection Division<br><br>Washington State Attorney General's Office<br>800 5th Ave Suite 2000, TB-14<br>Seattle, WA 98104-3188 |

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General for Wisconsin

/s/ Bradley J. Motl
BRADLEY J. MOTL
Assistant Attorney General

Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-0505
motlbj@doj.state.wi.us

**CERTIFICATE OF SERVICE**

      I certify that on April 4, 2025, this motion was served on all parties via this Court's CM/ECF system.

                                      /s/ Ashwin P. Phatak
                                      ASHWIN P. PHATAK
                                      Principal Deputy Solicitor General
                                      Office of the Solicitor General
                                      Office of the Attorney General
                                      400 6th Street, NW, Suite 8100
                                      Washington, D.C. 20001
                                      (202) 805-7426
                                      ashwin.phatak@dc.gov

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because the brief contains 1,595 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

I also certify that this motion has been scanned for viruses and is virus free.

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov