No. 24-1522 and all consolidated cases: Nos. 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, 24-1685, and 24-2173

UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

STATE OF IOWA, ET AL.,

*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*,

DISTRICT OF COLUMBIA, ET AL.,

*Intervenors*.

On Petitions for Review of an Order of the Securities and Exchange Commission

**STATUS REPORT OF THE SECURITIES AND EXCHANGE COMMISSION IN RESPONSE TO THE COURT'S APRIL 24, 2025 ORDER**

This Court entered an order on April 24, 2025, asking the Commission for a status report on several questions. That order directed the Commission to advise (1) whether it "intends to review or reconsider the rules at issue in this case,"[1] (2) if it has determined to take no action, whether it "will adhere to the rules if the

---

[1] *The Enhancement and Standardization of Climate-Related Disclosures for Investors*, 89 Fed. Reg. 21668 (Mar. 28, 2024) (the "Rules").

petitions for review are denied," and (3) if not, why it "will not review or reconsider the rules at this time." Doc. 5509839, No. 24-1522.

The Commission does not intend to review or reconsider the Rules at this time. As explained below, the Commission respectfully requests that the Court terminate the abeyance, continue considering the parties' arguments, and exercise its jurisdiction to decide the case. Nothing about the potential for future Commission action poses an impediment to a decision by this Court. If the Court were to uphold the Rules in whole or in part, any reconsideration of them would be subject to Commission deliberation and vote of its members, and the Commission cannot prejudge that action. Moreover, a decision from this Court would inform the scope and need for such action, including providing insights as to the Commission's jurisdiction and authority. A decision of this Court would therefore promote an efficient resolution to the dispute between the parties.

* * *

The Commission does not intend to review or reconsider the Rules at this time. Rather, it requests that the Court proceed with the litigation and decide the case.

The Court does not face any obstacle to deciding the merits of the petitions and should exercise its jurisdiction. Although the Commission withdrew its defense, Doc. 5500618, No. 24-1522 (8th Cir. Mar. 27, 2025), many States

intervened to defend the Rules, the issues have been fully briefed by numerous parties and amici, and the adversary process remains intact. *See*, *e.g.*, *United States v. Skrmetti*, 145 S. Ct. 1816, 1828 n.1 (2025) (resolving case notwithstanding the United States' withdrawal of position because "plaintiffs remain adverse to the state respondents"); *Am. Pub. Gas Ass'n v. U.S. Dep't of Energy*, 22 F.4th 1018, 1024 (D.C. Cir. 2022) (resolving petitions for review of rule where agency "refused to defend the legality of the [r]ule" and several entities "intervened to do so"); *Glob. Tel\*Link v. FCC*, 866 F.3d 397, 406-07 (D.C. Cir. 2017) (resolving rule challenge even though "counsel for the [agency] has made it clear that the agency will not defend portions of" challenged rule); *see also Institutional S'holder Servs., Inc. v. SEC*, No. 24-5105, 2025 WL 1802786, at \*3 (D.C. Cir. July 1, 2025) (deciding intervenor's appeal of decision invalidating Commission rule despite Commission dismissal of its appeal).

An important, live controversy of national policy with critical economic and policy ramifications also remains. The petitioners, some of whom would be required to comply if the Rules are upheld, filed legal challenges as persons aggrieved by the Rules and seek a resolution of their grounds for setting the Rules aside. A decision of the Court would not be advisory, and there is no impediment to the Court's exercise of its jurisdiction. Accordingly, the Court should hear and decide the case. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)

("Jurisdiction existing, . . . a federal court's obligation to hear and decide a case is virtually unflagging." (internal quotation marks omitted)); *see also In re VeroBlue Farms USA, Inc.*, 6 F.4th 880, 883 (8th Cir. 2021).

Moreover, the Court's decision on the legal issues in the case would help determine the scope and need for further rulemaking. A major issue in the case is whether the Commission had statutory authority to issue the Rules, and a range of views on that topic has been presented to the Court.[2] A majority of the current Commissioners believes that the Commission lacked statutory authority for the Rules,[3] but courts have the final say on statutory interpretation. *Loper Bright*

---

[2] Several petitioners and supporters of petitioners argued, among other things, that the Commission lacked statutory authority for the Rules, that the major questions doctrine bars the Rules, and that disclosure rules must be limited to items of financial materiality. *See, e.g.*, Consolidated Brief of State Petitioners, Doc. 5405801, No. 24-1522 (June 21, 2024); Brief of *Amicus Curiae* Business Roundtable, Doc. 5410810, No. 24-1522 (July 8, 2024). The intervening States and supporting amici argued that the Commission had statutory authority and that the major questions doctrine does not apply. *See, e.g.*, Final Response Brief for Intervenors, Doc. 5441535, No. 24-1522 (Oct. 1, 2024); Brief of *Amici Curiae* Legal Scholars, Doc. 5425222, No. 24-1522 (Aug. 16, 2024).

[3] *See A Climate Regulation Under the Commission's Seal: Dissenting Statement on The Enhancement and Standardization of Climate-Related Disclosures for Investors* (Mar. 6, 2024), https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-mandatory-climate-risk-disclosures-030624 (Comm'r Mark T. Uyeda); *Green Regs and Spam: Statement on the Enhancement and Standardization of Climate-Related Disclosures for Investors* (Mar. 6, 2024), https://www.sec.gov/newsroom/speeches-statements/peirce-statement-mandatory-climate-risk-disclosures-030624 (Comm'r Hester M. Peirce); Certified List at 4102, Doc. 5391497, No. 24-1522 (8th Cir. May 7, 2024) (comment letter joined

*Enters. v. Raimondo*, 603 U.S. 369, 412-13 (2024). Because these issues have been joined in the instant case and fully briefed by the parties and amici, a judicial decision (unlike further Commission action) would conclusively resolve the dispute about the Commission's power to adopt the mandatory disclosure obligations on climate risk in the Rules.

Even if the Commission were to undertake a new rulemaking at this juncture, the probable result would be petitions for review in courts of appeals. Those petitions would likely raise legal arguments similar to those presented by these petitions—namely, whether the Commission had statutory authority and whether it adequately considered the relevant costs and benefits. Such a rulemaking would consume significant time and resources of both the Commission and the many parties affected by the Rules but would only defer a judicial resolution of these disputes, effectively leaving courts and the Commission in much the same position they are in now. Proceeding to a decision in this case would therefore best preserve limited judicial, Commission, and public resources.

If, in deciding the case, the Court denies the petitions for review in whole or in part, the Commission will carefully evaluate the Court's decision when crafting a path forward consistent with the Court's mandate. Pre-judging any potential

---

by Chairman Paul S. Atkins prior to his appointment), *available at* https://www.sec.gov/comments/s7-10-22/s71022-20132519-303005.pdf.

future actions the Commission might take after such deliberation would not be appropriate. Given the previously expressed views of a majority of the current Commissioners, it is possible the Commission would engage in further action relating to the Rules. That could include a direction from the Chairman to the staff to develop recommendations to present to the Commission to replace, rescind, or modify the Rules, but the outcome of the litigation and the reasoning of the Court will bear heavily on the Commission's next steps with the Rules.

The Commission therefore respectfully requests that the Court end the abeyance and proceed to decide these petitions.

Respectfully submitted,

JEFFREY B. FINNELL
Acting General Counsel

DANIEL STAROSELSKY
Assistant General Counsel

SAMUEL B. GOLDSTEIN
Senior Special Counsel

JOHN R. RADY
Appellate Counsel

/s/ Tracey A. Hardin
TRACEY A. HARDIN
Solicitor
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5048 (Hardin)
hardint@sec.gov

July 23, 2025

# CERTIFICATES OF SERVICE
# FOR DOCUMENTS FILED USING CM/ECF

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on  July 23, 2025 , I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                s/ Tracey A. Hardin