No. 24-1522 and all consolidated cases: Nos. 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, 24-1685, and 24-2173

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

STATE OF IOWA, *et al.*,
Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION,
Respondent,
DISTRICT OF COLUMBIA, *et al.*,
Intervenors.

ON PETITION FOR REVIEW OF AN ORDER AND RULE OF THE
SECURITIES AND EXCHANGE COMMISSION

# INTERVENOR STATES' RESPONSE TO THE JULY 23, 2025 STATUS REPORT OF THE SECURITIES AND EXCHANGE COMMISSION

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

GLENN KAPLAN, Chief
ANDREW LABADINI
DANIELLE KLEE
ANNIE KILLELEA
Assistant Attorneys General
Insurance and Financial Services Division

JULIA JONAS-DAY
MICHELE HUNTON
Assistant Attorneys General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, Boston, MA 02108
(617) 963-2453
glenn.kaplan@mass.gov
julia.jonas-day@mass.gov

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CAROLINE S. VAN ZILE
Solicitor General

ASHWIN P. PHATAK
Principal Deputy Solicitor General

BRYAN J. LEITCH
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

*Additional counsel listed in signature block*

On April 24, 2025, this Court held these consolidated petitions in abeyance and ordered the Securities and Exchange Commission (SEC) to answer three specific questions: (1) "whether the Commission intends to review or reconsider the rules at issue"; (2) if not, "whether the Commission will adhere to the rules if the petitions for review are denied"; and (3) if not, "why the Commission will not review or reconsider the rules at this time." Doc. 5509839, No. 24-1522. On July 23, SEC filed a status report purporting to answer these questions. Doc. 5540471, No. 24-1522 (Status Report). But SEC hedges on the first question and refuses entirely to answer the second and third. This Court should continue to hold these petitions in abeyance until SEC clearly indicates what it intends to do with the Rules, including whether it will rescind the Rules if the Court upholds them.

To start, SEC's filing is equivocal (at best) but its import is clear: "The Commission simply does not want to say what we all know to be true by now—it has no intention of allowing the Climate-Related Disclosure Rules to go into effect." Caroline A. Crenshaw, *Statement on the Commission's Status Report in the Climate-Related Disclosure Rules Litigation*, SEC (July 23, 2025) (Crenshaw Statement), https://tinyurl.com/3npynfft. Indeed, SEC urges the Court to "proceed with the litigation" because it "does not intend to review or reconsider the Rules at this time" (i.e., right now). Status Report 2. Yet SEC simultaneously acknowledges that most of its current Commissioners oppose the Rules and that it might rescind the Rules if

the Court upholds them: "it is possible the Commission would engage in further action," including directing staff "to develop recommendations to . . . replace, rescind, or modify the Rules." Status Report 2-3, 4, 6.[1]

SEC's Janus-faced response just exacerbates the judicial-efficiency concerns that prompted the Court to hold these petitions in abeyance. As state intervenors have previously explained, to conserve judicial resources, this Court should not devote the time and energy necessary to hear oral argument and write an opinion addressing the many issues these petitions raise unless doing so is necessary. And it would be an outright waste of judicial resources for this Court to issue a decision upholding the Rules only to have SEC nullify them using the same notice-and-comment process that it could have used all along. Indeed, "the primary reason for holding a case in abeyance is to promote judicial economy," *Utah by & through Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025)

---

[1] *See, e.g.*, Mark T. Uyeda, *Acting Chairman Statement on Climate-Related Disclosure Rules*, SEC (Feb. 11, 2025), https://tinyurl.com/2r7y2zxx ("The Rule is deeply flawed and could inflict significant harm on the capital markets and our economy."); Mark T. Uyeda, *A Climate Regulation Under the Commission's Seal: Dissenting Statement on The Enhancement and Standardization of Climate-Related Disclosures for Investors*, SEC (Mar. 6, 2024), https://tinyurl.com/4v2ha88z ("Today's rule is the culmination of efforts by various interests to hijack and use the federal securities laws for their climate-related goals."); Hester M. Peirce, *Green Regs and Spam: Statement on the Enhancement and Standardization of Climate-Related Disclosures for Investors*, SEC (Mar. 6, 2024), https://tinyurl.com/4bsbnmvy ("I do not support the recommendation before us[.]").

(statement of Rao, J., joined by Walker, J.), and this Court has implicitly recognized as much in holding cases in abeyance at the urging of federal agencies, *see, e.g.*, Order, *Sw. Elec. Power Co. v. EPA*, No. 24-2123 (8th Cir. Feb. 28, 2025), Doc. 5491197 (granting EPA's abeyance motion). SEC offers no sound reason why the Court should treat this case differently.

Despite leaving open the door to rescind the Rules, SEC refuses to answer this Court's second and third questions based on a fear of "[p]re-judging" its "future actions," purportedly because "the outcome of the litigation and the reasoning of the Court will bear heavily on the Commission's next steps with the Rules." Status Report 4, 5-6. Yet SEC ignores its own admission that "a majority of the current Commissioners" have *already* publicly prejudged the Rules as exceeding SEC's "statutory authority," Status Report 4; *see supra* p. 2 & note 1—a point that has not been lost on petitioners, *see* National Legal and Policy Center, *SEC Puts Final Nail in Climate Rule Coffin* (Apr. 2, 2025), https://perma.cc/3DK8-7AV5 (pronouncing the Rules "doomed" given the current "majority on the SEC"). And SEC further ignores its own previously expressed view in a similar case that an "abeyance will conserve judicial resources" where "[f]urther regulatory action" regarding a challenged rule "could substantially narrow or moot some or all of [petitioner's] claims." SEC Abeyance Mot., at 3-4, *Institutional S'holder Servs., Inc. v. SEC*, No. 19-cv-3275 (D.D.C June 1, 2021), ECF No. 53; *see Institutional S'holder Servs.,*

*Inc. v. SEC*, --- F.4th ---, No. 24-5105, 2025 WL 1802786, at *3 (D.C. Cir. July 1, 2025) (noting that the district court granted several of SEC's abeyance motions).

At any rate, SEC never explains how the outcome of this litigation will bear on its next steps. A decision invalidating the Rules in total would render it unnecessary for SEC to take any "next steps." A decision upholding the Rules in whole or in part would confirm their total or partial legality, in which case SEC's "next steps" would be to either enforce the Rules—a question this Court posed directly and that SEC avoided answering—or to initiate notice-and-comment procedures to rescind them based on the same policy objections that several Commissioners have already voiced but refused to act upon, *see* Status Report 4, 6; *supra* p. 2 & note 1. Either way, SEC cannot explain why it must wait until *after* this Court has issued a decision before choosing whether to seek to rescind the Rules.

In effect, SEC appears to ask the Court to undo the Rules because rescinding them through the notice-and-comment process "would consume significant time and resources." Status Report 5.[2] That is not a valid reason to lift the abeyance. The rigors of notice-and-comment rulemaking are features, not bugs, of administrative

---

[2] *See* Mark T. Uyeda, Remarks at the "SEC Speaks" Conference 2025, SEC (May 19, 2025) (Uyeda Remarks), https://tinyurl.com/4vpbvatr ("For the Commission to rescind the climate-related disclosure rule—and address the countless factual findings discussed in that 885-page release—would place a significant strain on the Commission's resources.").

law, *see* 5 U.S.C. § 553(e), and compliance "'is not a matter of agency choice,'" *Iowa League of Cities v. EPA*, 711 F.3d 844, 872 (8th Cir. 2013) (quoting *Reno-Sparks Indian Colony v. EPA*, 336 F.3d 899, 909 n.11 (9th Cir. 2003)). Indeed, notice-and-comment procedures almost always "consume significant time and resources," Status Report 5, yet agencies cannot ignore those requirements simply because they "would be a difficult lift," Uyeda Remarks. *See Azar v. Allina Health Servs.*, 587 U.S. 566, 581 (2019) ("If the government doesn't like Congress's notice-and-comment policy choices, it must take its complaints there.").

SEC thus "cannot take the easy way out" by avoiding its "statutorily-required work" or otherwise "throw[ing] the ball back at the Court." Crenshaw Statement. True, affected parties may bring legal challenges if SEC rescinds the Rules after notice-and-comment rulemaking. *See* Status Report 5. But that is simply how Congress has structured judicial review of administrative actions, and courts can and will address those issues in due course when properly teed up. The sheer possibility of future legal challenges to future SEC action, however, is no reason for this Court to unnecessarily decide this case in its current posture, at least not until SEC clarifies its responses to the Court's still-unanswered questions.

The rest of SEC's status report addresses uncontested issues of jurisdiction and state intervenors' willingness to defend the Rules to protect their unique interests. *See* Status Report at 2-3. But all of that is beside the point. The question

is whether it would be a sound use of this Court's judicial resources to decide these cases now under the cloud of uncertainty left by SEC's evasive response. The answer to that question is no. Even if a decision of this Court would not be "advisory" in a jurisdictional sense, Status Report 3, it would very likely be advisory in a practical sense given the current SEC majority's avowed opposition to the Rules. *See supra* p. 2 & note 1. Further, because the Rules remain stayed for the pendency of this litigation,[3] preserving the current status quo portends no meaningful hardship. *See Utah*, 2025 WL 1354371, at *2 (Rao, J.) ("[W]hen a challenger will not be subject to the regulation while the case is held in abeyance—such as when the rule has been stayed—a legitimate interest in judicial economy will likely prevail over any alleged hardship."). Given this, the proper course is to avoid delving into the merits until SEC explains why doing so is worth the Court's resources.

\* \* \*

For all of these reasons, this Court should continue to hold these consolidated cases in abeyance and direct SEC to file status reports every 60 days until it decides on a course of action for the Rules.

---

[3]   *See* "The Enhancement and Standardization of Climate-Related Disclosures for Investors; Delay of Effective Date," Release Nos. 33-11280; 34-99908 (April 4, 2024), 89 Fed. Reg. 25,804 (April 12, 2024) (ordering the Rules' "effective date" to be "delayed indefinitely").

6

Respectfully submitted,

| | |
|---|---|
| ANDREA JOY CAMPBELL<br>Attorney General for Massachusetts | BRIAN L. SCHWALB<br>Attorney General for the District of Columbia |
| /s/ Glenn Kaplan<br>GLENN KAPLAN<br>Assistant Attorney General & Chief<br>ANDREW LABADINI<br>DANIELLE KLEE<br>ANNIE KILLELEA<br>Assistant Attorneys General<br>Insurance and Financial Services Division<br><br>JULIA JONAS-DAY<br>MICHELE HUNTON<br>Assistant Attorneys General<br>Energy and Environment Bureau<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 963-2453<br>glenn.kaplan@mass.gov<br>julia.jonas-day@mass.gov | CAROLINE S. VAN ZILE<br>Solicitor General<br><br>/s/ Ashwin P. Phatak<br>ASHWIN P. PHATAK<br>Principal Deputy Solicitor General<br><br>BRYAN J. LEITCH<br>Assistant Attorney General<br><br>Office of the Solicitor General<br>Office of the Attorney General<br>400 6th Street, NW, Suite 8100<br>Washington, D.C. 20001<br>(202) 805-7426<br>ashwin.phatak@dc.gov |

July 2025

| FOR THE STATE OF ARIZONA | FOR THE STATE OF COLORADO |
|---|---|
| KRISTIN K. MAYES<br>Attorney General for Arizona | PHILIP J. WEISER<br>Attorney General for Colorado |
| /s/ Caitlin Doak<br>Office of the Attorney General<br>2005 N. Central Avenue<br>Phoenix, AZ 85004-1592<br>(602) 542-7753<br>caitlin.doak@azag.gov | SHANNON WELLS STEVENSON<br>Solicitor General<br><br>ERNEST LEE REICHERT III<br>Deputy Attorney General<br>Revenue and Regulatory Section<br><br>SHALYN KETTERING<br>Counsel to the Attorney General<br><br>/s/ Shalyn Kettering<br>Shalyn Kettering<br>Counsel to the Attorney General<br><br>Colorado Department of Law<br>Office of the Attorney General<br>1300 Broadway<br>Denver, CO 80203<br>(720) 508-6000 |
| FOR THE STATE OF CONNECTICUT | FOR THE STATE OF DELAWARE |
| WILLIAM TONG<br>Attorney General for Connecticut | KATHLEEN JENNINGS<br>Attorney General for Delaware |
| /s/ Kaelah M. Smith<br>KAELAH M. SMITH<br>Assistant Attorney General<br><br>Connecticut Attorney General's Office<br>165 Capitol Avenue<br>Hartford, CT 06106<br>(860) 808-5250 | CHRISTIAN DOUGLAS WRIGHT<br>Director of Impact Litigation<br><br>JILLIAN A. LAZAR<br>Director of Investor Protection<br><br>RALPH K. DURSTEIN III<br>Deputy Attorney General<br><br>/s/ Vanessa L. Kassab |

8

kaelah.smith@ct.gov

VANESSA L. KASSAB
Deputy Attorney General

Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

FOR THE STATE OF HAWAII

ANNE E. LOPEZ
Attorney General of the State for Hawaiʻi

KALIKOʻONĀLANI D. FERNANDES
Solicitor General

/s/ Ewan C. Rayner
EWAN C. RAYNER
Deputy Solicitor General

Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
ewan.rayner@hawaii.gov

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General for Illinois

MATTHEW J. DUNN
Chief, Environmental Enforcement/ Asbestos Litigation Division

/s/ Jason E. James
JASON E. JAMES
Assistant Attorney General

Office of the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
Attorney General for Maryland

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN
Special Assistant Attorney General

Office of the Attorney General of Maryland

FOR THE STATE OF MICHIGAN

DANA NESSEL
Attorney General for Michigan

/s/ Michael E. Moody
MICHAEL E. MOODY
Assistant Attorney General

Special Litigation Division
525 W. Ottawa Street

9

200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

FOR THE STATE OF MINNESOTA

KEITH ELLISON
Attorney General for Minnesota

/s/ Peter N. Surdo
PETER N. SURDO
Special Assistant Attorney General

Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
(651) 757-1061
Peter.surdo@ag.state.mn.us

FOR THE STATE OF NEW MEXICO

RAÚL TORREZ
Attorney General for New Mexico

WILLIAM GRANTHAM
Assistant Attorney General
Director, Environment Protection Division

/s/ Aletheia V.P. Allen
ALETHIA V.P. ALLEN
Solicitor General

New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 527-2776
Aallen.@nmdoj.gov

P.O. Box 30755
Lansing, MI 48909
(517) 335-7627
moodym2@michigan.gov

FOR THE STATE OF NEVADA

AARON D. FORD
Attorney General for Nevada

/s/ Heidi Parry Stern
HEIDI PARRY STERN
Solicitor General

Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General for New York

BARBARA D. UNDERWOOD
Solicitor General

ELIZABETH A. BRODY
Assistant Solicitor General

STEPHANIE L. TORRE
Assistant Attorney General
Executive Division

/s/ Jonathan Bashi
JONATHAN BASHI
Assistant Attorney General

Investor Protection Bureau

28 Liberty Street
New York, NY 10005
(212) 416-8564
Jonathan.Bashi@ag.ny.gov

| FOR THE STATE OF OREGON | FOR THE STATE OF RHODE ISLAND |
|---|---|
| DAN RAYFIELD<br>Attorney General for Oregon | PETER F. NERONHA<br>Attorney General for Rhode Island |
| /s/ Paul Garrahan<br>PAUL GARRAHAN<br>Attorney-in-Charge<br>Natural Resources Section | SARAH W. RICE<br>Deputy Chief, Public Protection Bureau |
| | /s/ Alison Carney<br>ALISON CARNEY<br>Assistant Attorney General |
| Oregon Department of Justice<br>1162 Court Street NE<br>Salem, Oregon 97301-4096<br>(503) 947-4540<br>Paul.Garrahan@doj.state.or.us | Office of the Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 |

| FOR THE STATE OF VERMONT | FOR THE STATE OF WASHINGTON |
|---|---|
| CHARITY R. CLARK<br>Attorney General for Vermont | NICHOLAS W. BROWN<br>Attorney General for Washington |
| /s/ Hannah Yindra<br>HANNAH YINDRA<br>Assistant Attorney General | SARAH REYNEVELD<br>Section Chief<br>Environmental Protection Division |
| Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186<br>Hannah.Yindra@vermont.gov | /s/ Yuriy Korol<br>YURIY KOROL<br>Assistant Attorney General<br>Environmental Protection Division<br><br>Washington State Attorney General's Office<br>800 5th Ave Suite 2000, TB-14<br>Seattle, WA 98104-3188 |

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General for Wisconsin

/s/ Bradley J. Motl
BRADLEY J. MOTL
Assistant Attorney General

Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-0505
motlbj@doj.state.wi.us

# CERTIFICATE OF SERVICE

I certify that on July 30, 2025, this response was served on all parties via this Court's CM/ECF system.

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

# CERTIFICATE OF COMPLIANCE

I certify that this response complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,557 words, excluding exempted parts. This response complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

I also certify that this response has been scanned for viruses and is virus free.

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov