IN THE
## United States Court of Appeals for the Eighth Circuit

STATE OF IOWA, ET AL.,

*Petitioners,*

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent,*

DISTRICT OF COLUMBIA, ET AL.,

*Intervenor-Respondents.*

On Petitions for Review of an Order and Rule
of the Securities and Exchange Commission

## CONSOLIDATED MOTION TO LIFT ABEYANCE

BRENNA BIRD
Attorney General of Iowa
ERIC WESSAN
*Solicitor General*
PATRICK C. VALENCIA
*Deputy Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-8770
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

May 8, 2026

1

Appellate Case: 24-1522   Page: 1   Date Filed: 05/08/2026 Entry ID: 5638324

## MOTION TO LIFT ABEYANCE

Petitioners sued the United States Securities and Exchange Commission 23 months ago to challenge the Commission's climate disclosure rule. Petitioners contend that the rule is illegal, exceeds the Commission's authority, and had significant process failures in its adoption. Briefing on vacating the rule completed in Fall 2024, but oral argument has not been held.

Instead, this case has languished in abeyance following the SEC's announcement last year that it was withdrawing its defense of the rule. It has now been over a year since the SEC filed that letter—and more than two years since the Petition for Review was filed. Recently, the SEC has submitted to the Office of Information and Regulatory Affairs new rulemaking to repeal or replace the challenged rule. U.S. Sec. & Exch. Comm'n, *Rescission of Climate-Related Disclosure Rules*, RIN 3235-AN76 (proposed rule received for OIRA review May 4, 2026), *available at* https://perma.cc/4LH2-8PDX; *see* Letter from SEC to Court (May 7, 2026)..

Rather than allow Intervenor-Defendants to receive indefinite abeyance—and preventing Petitioners from seeking relief to which they

2

are legally entitled—this Court should accept the Commission's concession and vacate the rule.

For guidance on this point, this Court should look to the recent unanimous en banc Fifth Circuit decision holding that when the government "concede[s] that it violated the APA" the proper remedy is to "vacate the entire Rule." *Airlines for Am. v. Dep't of Transp.*, 166 F.4th 487, 489 (5th Cir. 2026) (en banc). In the alternative, it should end the abeyance and proceed with the case to avoid splitting with the Fifth Circuit's unanimous en banc decision.

Whatever may have been the case previously, the Commission's own filings indicate that it is reconsidering its Rule. Because the Commission has not *yet* repealed its own rule, this remains a live and pending case. This Court recently showed how to properly handle an analogous situation in *Iowa v. Wright*, 154 F.4th 918 (8th Cir. 2025), another case where the promulgating agency expressed doubts about a rule after the administration change. Rather than issue an indefinite stay or abeyance, the Court waited six months for the agency to reconsider the challenged rule before requiring the parties to state their positions, *id.* No. 24-1721 (8th Cir. Apr. 4, 2024), Order (May 30, 2025),

3

and proceeding to decide the case, vacating the rule last September, 154 F.4th 918 (8th Cir. 2025).[1] The time has come for similar action in this case.

And unlike in *Iowa*, the agency here has expressly walked away from the arguments in its briefing and stated that it "does not intend to renew its defense of the Rules." Letter from SEC to Court (May 7, 2026); *cf. Iowa v. Wright*, No. 24-1721 (8th Cir.), Stmt. in Resp. to May 30, 2025 Order (Jun. 13, 2025); *see also Diamond Alternative*, No. 22-1081 (D.C. Cir.), EPA Mot. for Abeyance (Dec. 5, 2025).

The Commission's actions here are thus analogous to the Agency's actions in *Airlines for America v. Department of Transportation*. There, the Department of Transportation conceded error in adopting a rule and acknowledged that it intended to revoke the rule and engage in new

---

[1] *Iowa v. Wright* tracks with the D.C. Circuit's recent approach to the remand of *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025). There, the EPA requested abeyance to "reassess the . . . soundness of the challenged action" without committing to any particular course of action, *Diamond Alternative*, No. 22-1081 (D.C. Cir. May 12, 2022), EPA Mot. for Abeyance (Dec. 5, 2025), at 2, and the D.C. Circuit granted 3 months' abeyance after which EPA must file a motion to govern, *Diamond Alternative*, No. 22-1081 (D.C. Cir.), Per Curiam Order (Dec. 15, 2025).

Appellate Case: 24-1522     Page: 4     Date Filed: 05/08/2026 Entry ID: 5638324

rulemaking, but it had not yet done so. 166 F.4th at 488. The en banc Fifth Circuit vacated the rule.

The Commission's decision to withdraw its defense of the rule and its stated determination to revisit the rule puts it in the same place as the Department of Transportation in *Airlines for America*. *See id.* The same result is warranted here, either immediately or, if the Court prefers, after argument.

All consolidated Petitioners join this motion. The Commission consents to the request to lift the abeyance and to the court resolving the petitions for review. Intervenor-Respondents Oppose.

## BACKGROUND

On March 6, 2024, the SEC issued a final rule titled *The Enhancement and Standardization of Climate-Related Disclosures for Investors*, ("Climate Rule"), 89 Fed. Reg. 21,668 (Mar. 28, 2024). The Climate Rule represents a revolutionary change in securities regulation by requiring publicly listed companies to disclose:

- "Scope 1" GHG emissions, meaning the company's own emissions from every activity the company undertakes (e.g., $CO_2$ emissions from flying to a business meeting); *and* "Scope 2" emissions,

5

meaning all GHGs emitted by *third parties* in providing electricity and other energy power sources to the company. 89 Fed. Reg. at 21,915.

- Non-material information about company costs "related to severe weather events and other natural conditions." 89 Fed. Reg. at 21,792, 21,913.

- Granular faux-material and entirely non-material "climate-related risks," and the company's oversight of those "risks," including risks faced by their "suppliers." 89 Fed. Reg. at 21,699, 21,915–16.

The Climate Rule says disclosures of Scope 1 and Scope 2 emissions are required when "material" to the company—and will be subject to attestation requirements that impose heightened liability risks. But the Rule then deems emissions "material" if the company has faced or reasonably might face a "transition risk." 89 Fed. Reg. at 21,733.

Merits briefing in this Court was fully completed in September 2024. Oral argument has not been held.

On March 27, 2025, six months after briefing was completed and the case was screened for oral argument, the SEC told the Court that the

Appellate Case: 24-1522     Page: 6     Date Filed: 05/08/2026 Entry ID: 5638324

SEC "has determined that it wishes to withdraw its defense of the Rules" and suggested that the Court should set aside the Climate Rule because it violates the APA rather than "reach the petitioners' challenges based on the First Amendment or non-delegation doctrine." Letter from SEC to Court (Mar. 27, 2025). The SEC added that its "counsel is no longer authorized to advance the arguments presented in the Commission's response brief." *Id.*

On April 24, 2025, this Court entered an order holding the case in abeyance to give the SEC time to decide whether it "intends to review or reconsider the rules at issue in this case." Order (Apr. 24, 2025). More than one year has passed since the this case was placed in abeyance.

On February 3, 2026, in a unanimous en banc decision, the Fifth Circuit held that a court "must apply the APA's 'default' remedy—vacatur" when the defendant agency "concede[s] that it violated the APA" in promulgating the rule. *Airlines for America*, 166 F.4th at 488. There, the DOT "conceded" in its "brief and oral argument" that its recent rule on airline ancillary service fees "violated the APA" because the Department "failed to provide additional notice and the opportunity to comment on a study" that undergirded the rule. *Id.* Because "DOT failed

7

to comply with" the "Administrative Procedure Act's (APA) notice-and-comment requirement" the Court held that it "must" vacate the rule. *Id.* at 488–49.

On May 7, 2026, the SEC filed a letter notice with the Court explaining that it determined it will reconsider the Final Rule for reasons "including concerns that the Rules exceed the Commission's statutory authority and the costs of the Rules outweigh their benefits." *See* Letter from SEC to Court (May 7, 2026).

## **ARGUMENT**

The SEC's March 27, 2025 letter to the Court essentially concedes that the Climate Rule violates the APA, and its May 7, 2026 letter reiterates that position. This Court should therefore either vacate the Rule without argument or, if the court has any doubts, lift the abeyance and schedule argument.

Federal courts should not indefinitely hold a case in abeyance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255–56 (1936). Here, the Court granted abeyance to give the SEC time to decide whether "to review or reconsider" the Climate Rule. The SEC has now had ample time to do so: 25 months have elapsed since the SEC stayed its own Climate Rule and

8

more than 1 year has passed since the SEC withdrew its defense of the Rule.

That delay far exceeds the six months that this Court waited in *Iowa*, No. 24-1721 (8th Cir.), Order (May 30, 2025), and the three months that the D.C. Circuit agreed to wait in abeyance for EPA to assess its plans following remand in *Diamond Alternative*, No. 22-1081 (D.C. Cir.), Per Curiam Order (Dec. 15, 2025). And now the SEC has "inform[ed] the Court that it has determined to 'reconsider[] the challenged Final Rules by notice-and-comment rulemaking.'" Letter from SEC to Court (May 7, 2026) (citation omitted). And they have come to no final decision on the Rule's outcome. Yet while the Rule remains stayed, the potential for it to irreparably harm Petitioners remains. The effective date has elapsed. In effect, it is a dangling sword of Damocles.

This case is thus analogous to *Airlines for America*, 166 F.4th at 488. The challenge remains pending, but the agency has abandoned its defense of the rule and stated its intention to revisit the rule but has not yet commenced a new rulemaking. As in that case, this case "has evolved into a different arena since a year ago" now that the agency is "under a

9

different president and with a different approach and thoughts than it was" then. *Id.* at 489 (Haynes, J., concurring).

The SEC has effectively conceded that the Climate Rule violates the APA. *See* Letter from SEC to Court (Mar. 27, 2025). And that, according to the Fifth Circuit's unanimous en banc decision in *Airlines for America*, resolves the case, requiring this Court to vacate the Climate Rule. *See* 166 F.4th at 488; *see also Iowa*, 154 F.4th at 953 (vacating a rule that "violate[d] a substantive statute"); *Minnesota Telecom All.*, 2026 WL 1239430, at *15 (applying *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 391 (2024) to vacate a rule that exceeded an agency's statutory authority).[2]

There is thus no justification for further delay here; at the very least, the SEC should have to answer at argument whether it believes the rule complied with the APA, and this Court should follow its "virtually unflagging obligation . . . to exercise the jurisdiction given" it to resolve this case. *Colorado River Water Conservation Dist. v. United*

---

[2] *Iowa v. Wright* also establishes that this case remains a live controversy because, although the SEC voluntarily stayed enforcement, the Climate Rule "remains on the books" and thus "could harm [petitioners] in the future." 154 F.4th at 941.

Appellate Case: 24-1522    Page: 10    Date Filed: 05/08/2026  Entry ID: 5638324

*States*, 424 U.S. 800, 817 (1976); *see Smart v. Sunshine Potato Flakes, LLC*, 307 F.3d 684, 687 (8th Cir. 2002); *Cottrell v. Duke*, 737 F.3d 1238, 1246 (8th Cir. 2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359–60 (1989)). If at oral argument or in a written filing after the Court lifts the abeyance, the SEC specifically concedes that the Climate Rule violates the APA, then the Court should vacate the Climate Rule based on that concession rather than split from the unanimous en banc Fifth Circuit. *See Airlines for America*, 166 F.4th at 488; *Minnesota Telecom All. v. Fed. Commc'ns Comm'n*, 2026 WL 1239430, at *15 (8th Cir. May 6, 2026) ("[W]e follow our normal practice, vacate the final rule in its entirety[.]"). Indeed, continuing to hold this case in indefinite abeyance on such similar facts risks splitting from the unanimous en banc Fifth Circuit, too.

## CONCLUSION

The Court should grant Petitioners' motion to lift abeyance; and either vacate the rule and remand to the agency, or schedule oral argument.

Appellate Case: 24-1522    Page: 11    Date Filed: 05/08/2026 Entry ID: 5638324

May 8, 2026                                    Respectfully submitted,


BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*
PATRICK C. VALENCIA
*Deputy Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-8770
eric.wessan@ag.iowa.gov


*Counsel for State of Iowa and on
behalf of Consolidated Petitioners*

12

Appellate Case: 24-1522     Page: 12     Date Filed: 05/08/2026 Entry ID: 5638324

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve all parties automatically.

/s/ *Eric H. Wessan*
Eric H. Wessan

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,965 words, excluding the portions exempted. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

I further certify that this PDF has been scanned for viruses and no viruses were detected.

/s/ *Eric H. Wessan*
Eric H. Wessan

2

Appellate Case: 24-1522    Page: 13    Date Filed: 05/08/2026 Entry ID: 5638324