No. 24-1522 and all consolidated cases: Nos. 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, 24-1685, and 24-2173

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

STATE OF IOWA, *et al.*,
PETITIONERS,

v.

SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT,
DISTRICT OF COLUMBIA, *et al.*,
INTERVENORS.

---

ON PETITION FOR REVIEW OF AN ORDER AND RULE OF THE
SECURITIES AND EXCHANGE COMMISSION

---

### INTERVENOR STATES' OPPOSITION TO PETITIONERS' CONSOLIDATED MOTION TO LIFT ABEYANCE

---

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

GLENN KAPLAN, Chief
ANDREW LABADINI
DANIELLE KLEE
ANNIE KILLELEA
Assistant Attorneys General
Insurance and Financial Services Division

JULIA JONAS-DAY
MICHELE HUNTON
EZRA GEGGEL
Assistant Attorneys General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, Boston, MA 02108
(617) 963-2453
glenn.kaplan@mass.gov
julia.jonas-day@mass.gov

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CAROLINE S. VAN ZILE
Solicitor General

ASHWIN P. PHATAK
Principal Deputy Solicitor General

BRYAN J. LEITCH
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov
*Additional counsel listed in signature block*

This Court should again reject—as it has twice before—petitioners' efforts to sidestep proper administrative processes and have the Court decide challenges to regulations (the Rules) that the Securities and Exchange Commission (SEC) has stayed throughout this litigation. In previously rejecting the same basic arguments petitioners raise in their latest motion, this Court correctly ruled that holding these consolidated cases in abeyance "promote[s] judicial economy" and does "not cause material prejudice to petitioners." Order at 1, No. 24-1522, Doc. 5557595 (8th Cir. Sept. 12, 2025) (9/25 Order); Order, No. 24-1522, Doc. 5509839 (8th Cir. Apr.24, 2025) (4/24 Order). The Court has even more reason to reject petitioners' arguments a third time around, now that SEC has initiated the notice-and-comment process to revisit the Rules. *See* SEC May 2026 Letter at 1, Doc. 5637380 (May 7, 2026). Petitioners' contrary assertions lack merit, and their motion should be denied.

*First*, petitioners say the "time has come" to "vacate the Rule" now that SEC "is reconsidering its Rule." Mot. 3-4, 8. That position makes no sense. SEC's rulemaking by itself justifies an abeyance because that process could end up mooting some, most, or all of petitioners' claims. This was in fact the basis of the Court's prior abeyance order: "to promote judicial economy" until SEC "reconsiders" the Rules, as it would be a waste of resources to decide the legality of regulations that may be "rescinded, repealed, [or] modified." 9/25 Order at 1. Courts routinely manage similar cases in this way, *see infra* pp. 3-5, as petitioners' own example

confirms.  Indeed, they note that after remand in *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025), the D.C. Circuit granted EPA "3 months' abeyance" to reassess its action, Mot. 4 n.1, but they neglect to mention that the court subsequently extended the "abeyance for an *additional* 90 days" while EPA continued that process, Order, *Ohio v. EPA*, No. 22-1081, Doc. 2166283 (Mar. 31, 2026) (emphasis added).  Holding this case in abeyance while SEC submits regular status reports is thus entirely consistent with customary administrative practice.

*Second*, maintaining the abeyance will not prejudice petitioners.  This case has been held in abeyance since April 2025, and during that time, the Rules have been stayed, and they will continue to be stayed during SEC's rulemaking. Petitioners acknowledge this and yet still assert that the Rules have "the potential" to "irreparably harm" them because the Rules are a "sword of Damocles."  Mot. 9. But this Court already implicitly rejected this "sword of Damocles" metaphor in granting abeyance in the first place.  4/25 Order; *see* Pet. States' Opp. at 3, Doc. 5505965 (Apr. 14, 2025) ("[T]he Rule hangs like the Sword of Damocles[.]"). And it did so again in determining that "an abeyance will not cause material prejudice to the petitioners" because SEC has "stayed" the Rules.  9/25 Order at 1. The same is true now: it strains credulity to think that SEC would start enforcing regulations that it is currently revisiting through notice-and-comment rulemaking.

Appellate Case: 24-1522     Page: 3     Date Filed: 05/18/2026 Entry ID: 5641367

*Third*, petitioners claim that "SEC has effectively conceded that the Climate Rule violates the APA," thus "requiring this Court to vacate" it, Mot. 10. But this Court is not "requir[ed]" to take action based on SEC's say-so, and anyway, SEC has not "conceded" an APA violation ("effectively" or otherwise). Its March 2025 Letter is agnostic on the APA issues, noting only that the Court can avoid "the First Amendment" and "non-delegation" claims "*if* it sets the Rules aside on other grounds." SEC March 2025 Letter at 1, Doc. 5500618 (Mar. 27, 2025) (emphasis added). And the May 2026 Letter notes certain "legal and policy concerns," SEC May 2026 Letter at 1, but "concerns" are not "concessions," and nothing in that letter admits to an APA violation. Indeed, petitioners all-but confess that the APA issues have not been "conceded" in demanding that SEC "answer" this very question: "whether [SEC] believes the rule complied with the APA[.]" Mot. 10; *see* Mot. 11 ("*If* . . . SEC specifically concedes that the Climate Rule violates the APA, the Court should vacate based on that concession[.]" (emphasis added)).

*Finally*, denying petitioners' motion will not result in an abeyance that "far exceeds" those in other cases, Mot. 2, 3, 9, 11. This Court has been holding an agency challenge in abeyance since February 2025 so that the agency can review its prior actions. *See* Order, *Arkansas v. EPA*, No. 23-1320, Doc. 5488538 (Feb. 24, 2025); *see also* Status Report, Doc. 5609862 (Feb. 19, 2026); Order, Doc. 5612364 (Feb. 26, 2026). The Fifth Circuit has likewise stayed challenges to Biden-era labor

3

regulations since April 2025 while a new rulemaking occurs. *See* Order, *Utah v. Chavez-DeRemer*, No. 23-11097, ECF No. 330-1 (Apr. 28, 2025); *see also* Status Report, ECF No. 399 (Apr. 20, 2026). And the D.C. Circuit has held cases in abeyance for several years while agencies reconsider their rules or revisit prior actions. *See, e.g.*, *Clean Fuels All. Am. v. EPA*, 169 F.4th 307, 310 (2026) (noting that "petitions were held in abeyance for three and a half years" while agency "revisited" rules); *Env't Comm. of Fla. Elec. Power Coordinating Grp., Inc. v. EPA*, 94 F.4th 77, 87 (2024) (noting that "case remained in abeyance for more than four years" while "new administration reconsidered" prior actions).[1]

The supposedly "analogous" cases petitioners cite are anything but. Mot. 3-5. In *Airlines for America v. Department of Transportation*, 166 F.4th 487 (5th Cir. 2026) (en banc), the agency expressly "conceded" that "it violated the APA" only after a panel decision already found an APA violation. *Id.* at 488-89. And in *Iowa v. Wright*, 154 F.4th 918 (8th Cir. 2025), no party formally moved for an abeyance, and the appeal had already been argued by the time the agency began to reconsider

---

[1] Similar examples abound. *See, e.g.*, Status Report, *Air Alliance Houston v. EPA*, No. 20-1268, Doc. 2170163 (D.C. Cir. Apr. 23, 2026) (indicating that case remained in abeyance after several years while agency revised its rules and decided administrative petition for reconsideration, *see* Docs. 1863712 & 2058405); Order, *Newburgh Clean Water Project v. EPA*, No. 21-1019, Doc. 2094574 (D.C. Cir. Jan. 16, 2025) (ordering that "cases continue to remain in abeyance pending further order," as they had been since February 2023, *see* Doc. 1984197).

Appellate Case: 24-1522     Page: 5     Date Filed: 05/18/2026 Entry ID: 5641367

its position in light of an intervening Executive Order, *see* DOE Letter, No. 24-1721, Doc. 5482985 (8th Cir. Feb. 6, 2025).  Here, by contrast, SEC has conceded nothing about the APA issues, *see supra* p. 3; it has initiated a new notice-and-comment rulemaking, *see* SEC May 2026 Letter at 1; and no panel of this Court has yet expended the resources necessary to hear argument or decide the APA issues, *see* Mot. 10-11.  This case is accordingly not "analogous" to *Airlines for America* or *Wright* in any relevant respect.  Mot. 3-4.

* * *

For all of these reasons, this Court should continue to hold these consolidated cases in abeyance and direct SEC to file regular status reports to update the Court and the parties about the status of its rulemaking.

5

Respectfully submitted,

ANDREA JOY CAMPBELL
Attorney General for Massachusetts

/s/ Glenn Kaplan
GLENN KAPLAN
Assistant Attorney General & Chief
ANDREW LABADINI
DANIELLE KLEE
ANNIE KILLELEA
Assistant Attorneys General
Insurance and Financial Services
Division

JULIA JONAS-DAY
MICHELE HUNTON
EZRA GEGGEL
Assistant Attorneys General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2453
glenn.kaplan@mass.gov
julia.jonas-day@mass.gov

May 2026

BRIAN L. SCHWALB
Attorney General for the District of
Columbia

CAROLINE S. VAN ZILE
Solicitor General

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General

BRYAN J. LEITCH
Assistant Attorney General

Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

Appellate Case: 24-1522     Page: 7     Date Filed: 05/18/2026 Entry ID: 5641367

FOR THE STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General for Arizona

/s/ Kirsten Engel
Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-7753
Kirsten.engel@azag.gov

FOR THE STATE OF
CONNECTICUT

WILLIAM TONG
Attorney General for Connecticut

/s/ Kaelah M. Smith
KAELAH M. SMITH
Assistant Attorney General

Connecticut Attorney General's
Office
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250

FOR THE STATE OF COLORADO

PHILIP J. WEISER
Attorney General for Colorado

SHANNON WELLS STEVENSON
Solicitor General

ERNEST LEE REICHERT III
Deputy Attorney General
Revenue and Regulatory Section

SHALYN KETTERING
Counsel to the Attorney General

/s/ Shalyn Kettering
Shalyn Kettering
Counsel to the Attorney General

Colorado Department of Law
Office of the Attorney General
1300 Broadway
Denver, CO 80203
(720) 508-6000

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General for Delaware

CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation

JILLIAN A. LAZAR
Director of Investor Protection

RALPH K. DURSTEIN III
Deputy Attorney General

/s/ Vanessa L. Kassab

7

kaelah.smith@ct.gov

VANESSA L. KASSAB
Deputy Attorney General

Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

FOR THE STATE OF HAWAII

ANNE E. LOPEZ
Attorney General of the State for
Hawaiʻi

KALIKOʻONĀLANI D.
FERNANDES
Solicitor General

/s/ Ewan C. Rayner
EWAN C. RAYNER
Deputy Solicitor General

Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
ewan.rayner@hawaii.gov

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General for Illinois

MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division

/s/ Jason E. James
JASON E. JAMES
Assistant Attorney General

Office of the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
Attorney General for Maryland

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN
Assistant Attorney General

Office of the Attorney General of
Maryland

FOR THE STATE OF MICHIGAN

DANA NESSEL
Attorney General for Michigan

/s/ Michael E. Moody
MICHAEL E. MOODY
Assistant Attorney General

Special Litigation Division
525 W. Ottawa Street

8

200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

P.O. Box 30755
Lansing, MI 48909
(517) 335-7627
moodym2@michigan.gov

FOR THE STATE OF MINNESOTA

KEITH ELLISON
Attorney General for Minnesota

/s/ Peter N. Surdo
PETER N. SURDO
Special Assistant Attorney General

Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
(651) 757-1061
Peter.surdo@ag.state.mn.us

FOR THE STATE OF NEW MEXICO

RAÚL TORREZ
Attorney General for New Mexico

WILLIAM GRANTHAM
Assistant Attorney General
Director, Environment Protection Division

/s/ Aletheia V.P. Allen
ALETHEIA V.P. ALLEN
Solicitor General

New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 527-2776
AAllen@nmdoj.gov

FOR THE STATE OF NEVADA

AARON D. FORD
Attorney General for Nevada

/s/ Heidi Parry Stern
HEIDI PARRY STERN
Solicitor General

Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General for New York

BARBARA D. UNDERWOOD
Solicitor General

ELIZABETH A. BRODY
Assistant Solicitor General

STEPHANIE L. TORRE
Assistant Attorney General
Executive Division

/s/ Jonathan Bashi
JONATHAN BASHI
Assistant Attorney General

Investor Protection Bureau

9

28 Liberty Street
New York, NY 10005
(212) 416-8564
Jonathan.Bashi@ag.ny.gov

FOR THE STATE OF OREGON

DAN RAYFIELD
Attorney General for Oregon

/s/ Paul Garrahan
PAUL GARRAHAN
Attorney-in-Charge
Natural Resources Section

Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General for Vermont

/s/ Hannah Yindra
HANNAH YINDRA
Assistant Attorney General

Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov

FOR THE STATE OF RHODE ISLAND

PETER F. NERONHA
Attorney General for Rhode Island

/s/ Sarah W. Rice
SARAH W. RICE
Deputy Chief, Public Protection Bureau

Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x.2054
srice@riag.ri.gov

FOR THE STATE OF WASHINGTON

NICHOLAS W. BROWN
Attorney General for Washington

SARAH REYNEVELD
Section Chief
Environmental Protection Division

/s/ Yuriy Korol
YURIY KOROL
Assistant Attorney General
Environmental Protection Division

Washington State Attorney General's
Office
800 5th Ave Suite 2000, TB-14
Seattle, WA 98104-3188

10

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General for Wisconsin

/s/ Bradley J. Motl
BRADLEY J. MOTL
Assistant Attorney General

Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-0505
bradley.motl@wisdoj.gov

11

# CERTIFICATE OF SERVICE

I certify that on May 18, 2026, this opposition was served on all parties via this Court's CM/ECF system.

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

# CERTIFICATE OF COMPLIANCE

I certify that this opposition complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because the brief contains 1,178 words, excluding exempted parts. This opposition complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

I also certify that this opposition has been scanned for viruses and is virus free.

/s/ Ashwin P. Phatak
ASHWIN P. PHATAK
Principal Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 805-7426
ashwin.phatak@dc.gov

2